Honorable Thomas M. Keyes State Auditor State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Keyes:
This opinion is in response to your question asking whether the commission of a county collector of a third class county which is subject to the provisions of Section 52.120, RSMo, should include the commission provided for in Section 52.140, RSMo, in view of the later provisions of Section 52.270, RSMo Supp. 1975.
Section 52.140, RSMo, provides:
 "In all such counties where the collector of the revenue is required by section 52.120
to maintain a branch office as provided in section 52.120, he shall be allowed to retain, in addition to the amount now authorized by law, three-fourths of one percent of all taxes collected to cover the additional expense of maintaining such branch office."
It is our understanding that Marion County comes within the classification of subdivision (14) of Section 52.260, and, therefore, subsection 2 of Section 52.270 is applicable to the Marion County Collector.
Subsections 2 and 3 of Section 52.270, RSMo Supp. 1975, provide:
 "2. The collector of revenue in any county within the classification of subdivision (14) of section 52.260 shall present for allowance proper vouchers for all disbursements made by him on account of salaries and expenses of his office and other costs of collecting the revenue, which shall be allowed as against the commissions collected by him; and out of the residue of commissions in his hands after deducting the amounts so allowed, the collector may retain a compensation for his services at the rate of ten thousand dollars per year. If the residue of commissions is less than sufficient to pay the above compensation, the entire residue shall be allowed to him as full payment for his services. If the residue is more than sufficient to pay the compensation, the surplus shall be paid over to the state, school, county and city in the proportion which the amount collected from each bears to the total amount of collections.
 "3. The limitation on the amount to be retained as herein provided applies to fees and commissions on current taxes, but does not apply to commissions on the collection of back and delinquent taxes and ditch and levee taxes nor to fees provided by section 52.250."
Sections 52.120, 52.130, and 52.140, RSMo, were originally enacted in the Laws of 1915, p. 396. A comparison of the laws as originally enacted with those presently in force indicate that they are substantially similar.
Section 52.120, requires certain collectors to maintain branch offices in certain counties and Section 52.130 makes it the duty of such collectors to keep certain tax books in said branch office, and to keep one or more deputies in said office to tend the duties thereof.
It is our view that subsection 2 of Section 52.270 controls because it is later in date than Section 52.140 and its provisions comprehensively answer the question you ask.
It is clear that the allowance under Section 52.140 is not within the exceptions contained in subsection 3 of Section 52.270.
Additionally we note that it is our view that Section 52.280, RSMo is not applicable to collectors coming within subsection 2 of Section 52.270. Subsections 2 and 3 of Section 52.270 were added by the Laws of 1961, p. 286, subsequent to the enactment of Section 52.280. Although Section 52.280 was amended in 1969, it was changed only as respects the percentage which could be retained for deputy and clerical hire.
We conclude that these statutes indicate a legislative intent that the allowance provided for under Section 52.140
would be subject to the provisions of subsection 2 of Section 52.270. Therefore, the allowance calculated pursuant to Section52.140 must be included in the determination of the collector's maximum compensation made pursuant to subsection 2 of Section 52.270.
Very truly yours,
 JOHN ASHCROFT Attorney General